**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Donald P. THIBODEAUX,**
**Defendant–Appellant.**

**No. 00–2325.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 7, 2001 *.

Decided Sept. 14, 2001.

Before Hon. FLAUM, Chief Judge,
Hon. EASTERBROOK, Hon. KANNE,
Circuit Judges.

## ORDER

Donald Thibodeaux, a career tax protester who has not filed a tax return or paid income taxes since 1979, appeals his

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

conviction on four counts of tax evasion, 26 U.S.C. § 7201, and six counts of willfully failing to file a tax return, 26 U.S.C. § 7203. We affirm.

Thibodeaux first argues that, because he repeatedly asked the government to provide "all relevant information necessary for his defense" but received nothing, the government necessarily violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). But *Brady* does not require the government to gather information on a defendant's behalf, as Thibodeaux seems to think, *see United States v. Senn,* 129 F.3d 886, 893 (7th Cir.1997); the government need only disclose favorable, material evidence already within its knowledge or control, *see United States v. Grintjes,* 237 F.3d 876, 880 (7th Cir.2001); *United States v. Hamilton,* 107 F.3d 499, 509 (7th Cir.1997). Even assuming that the evidentiary items Thibodeaux describes exist, the government's failure to disclose them would not have amounted to a *Brady* violation: two of the items—an anti-tax "memorandum" sold over the Internet and documents supporting Thibodeaux's theory that the Sixteenth Amendment was "fraudulently obtained"—were easily obtainable by Thibodeaux himself, *see Senn,* 129 F.3d at 893 (*Brady* inapplicable to evidence defendant can obtain through "reasonable diligence"); the others—a "dossier" on the district judge and "files" on "government operatives"—have no demonstrable relevance. Nor do we see the relevance of Thibodeaux's excluded "rebuttal evidence" to the effect that no one really "pays" taxes because United States currency lacks intrinsic value. This evidence was properly excluded.

Thibodeaux next argues that the district court should have dismissed his indictment on the ground that the Sixteenth Amendment was never properly ratified. As if our earlier opinions foreclosing this line of argument were not enough, *see, e.g., United States v. Thomas,* 788 F.2d 1250, 1253–54 (7th Cir.1986), Thibodeaux was personally informed of the frivolousness of this argument when he sought postconviction review of an earlier failure-to-file conviction in 1987. The district judge wrote:

> [Thibodeaux contends that because] the Sixteenth Amendment was never properly ratified, he was convicted under void criminal statutes....
>
> ... [E]ven if I were to consider this claim, I would dismiss it as frivolous. The idea that the Sixteenth Amendment was never properly ratified has been repeatedly rejected by the Seventh Circuit.... Likewise, I reject the idea here.

*United States v. Thibodeaux,* Nos. 87 C 5732 & 83 CR 968, 1987 WL 15738, at *1 (N.D.Ill. July 17, 1987). The argument is just as frivolous today.

Finally, Thibodeaux contends that, due to their participation in an elaborate conspiracy involving the IRS, various educational and financial institutions, the Rockefeller family, and Israel's secret service, all federal prosecutors in the Northern District of Illinois as well as all magistrate, district, and circuit judges within the Seventh Circuit must be disqualified or recused from his case. In addition to being wholly conclusory, Thibodeaux's contentions have been rejected before. A motions panel of this court denied Thibodeaux's petition for a writ of mandamus based on similar arguments, and a district court denied a series of comparable recusal motions Thibodeaux filed in a bankruptcy appeal:

> According to Thibodeaux, the IRS protects itself from investigation by blackmailing public officials, including a former Illinois governor, three former United States Attorneys, and several Northern District of Illinois and Seventh Circuit judges, to name just a few. Thi-

bodeaux alleges that this "influence" prejudices the court against his interests. Thibodeaux also accuses judges in this circuit of treason and racketeering. *In re Thibodeaux,* No. 90 C 7377, 1991 WL 28271, at *2 (N.D.Ill. Feb.22, 1991). The district court in that case noted that Thibodeaux alleged no facts warranting recusal, only "reckless and malicious speculation, conjecture and innuendo," and concluded that his motions were frivolous. *Id.* at *3. Because this is an accurate description of Thibodeaux's argument in this appeal, we do the same.

AFFIRMED.